**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4155**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANDREW DALE MOORE,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Louise W. Flanagan, District Judge.   (5:15-cr-00156-FL-1)

Submitted:  September 29, 2016          Decided:  October 3, 2016

Before SHEDD, KEENAN, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Jennifer C. Leisten, Research & Writing Attorney, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Dale Moore pleaded guilty, pursuant to a written plea agreement, to receipt of child pornography, 18 U.S.C. § 2252(a)(2) (2012). The district court sentenced Moore to a within-Guidelines sentence of 235 months' imprisonment. On appeal, Moore's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Moore's sentence is substantively unreasonable. The Government has moved to dismiss the appeal based on the waiver of appellate rights included in the plea agreement. Although informed of his right to file a pro se supplemental brief, Moore has not done so. We dismiss the appeal.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012).

Our review of the record leads us to conclude that Moore knowingly and voluntarily waived the right to appeal his conviction and his 235-month sentence. We therefore grant the Government's motion to dismiss and dismiss the appeal. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED